Saima Z. Sheikh
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: (212) 589-4610
ssheikh@bakerlaw.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| DUANE BUDNICK, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 20-cv-01395 |
| KOHL'S DEPARTMENT STORES, INC. and KOHL'S CORPORATION, | ) ) ) ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Kohl's, Inc.[1] ("Kohl's") and Kohl's Corporation ("Kohl's Corp.") (collectively, "Defendants") hereby provide notice of removal of this action to the United States District Court for the District of Connecticut, Hartford Division. In support of this Notice of Removal, Defendants state as follows:

**I.    Timeliness**

1.    Plaintiff Duane Budnick ("Plaintiff") filed a putative class action complaint against Defendants in the Superior Court of Connecticut, Judicial District of Hartford, captioned *Duane Budnick v. Kohl's Department Stores, Inc. and Kohl's Corporation*, No. HHD-CV20-6131646-S (the "State Court Action").

---

[1] Kohl's, Inc. was formerly known as Kohl's Department Stores, Inc. and was erroneously named in the Complaint as Kohl's Department Stores, Inc.

2. Kohl's, Inc. was served with a copy of the summons and complaint in the State Court Action on August 17, 2020, and Kohl's Corp. was served on August 21, 2020.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendants were served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as <u>Exhibit 1</u>.

5. Plaintiff alleges that Defendants violated the Connecticut Wage Act, Conn. Gen. Stat. §§31-58 *et seq.*, by misclassifying him as exempt from overtime pay and failing to pay him overtime premiums for hours beyond 40 in a workweek. (Compl. ¶¶ 2-5.) He seeks to bring claims on behalf of himself and on behalf of a putative class of assistant store managers at Kohl's stores in Connecticut. (Compl. ¶ 5.)

**II.     Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)**

6. Pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), removal is proper because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

7. According to the allegations in the Complaint, Plaintiff is a citizen and resident of Connecticut. (Compl. ¶ 6.)

8. Kohl's is a Delaware corporation with its headquarters and principal place of business in Wisconsin, and consequently is a citizen of Delaware and Wisconsin. (Compl. ¶ 7.)

9. Kohl's Corp. is a Wisconsin corporation with its headquarters and principal place of business in Wisconsin, and consequently is a citizen of Wisconsin.

10. Because Plaintiff is a citizen of Connecticut, while Defendants are citizens of Delaware and Wisconsin, there is complete diversity of citizenship.

11. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

12. Plaintiff alleges he is seeking "unpaid overtime wages, and penalty wages," attorneys' fees, "[i]njunctive relief in the form of an order directing Defendants to comply with state law," and "[s]uch other relief as in law or equity may pertain." (Compl. Demand for Relief.).

13. Plaintiff is a putative member of a putative class in *Collins v. Kohl's Department Stores, Inc.*, No. 2:18-cv-962 (E.D. Wis.), which is asserting the same Connecticut state law claims as Plaintiff asserts in this case and which was filed on January 11, 2018.

14. Plaintiff's weekly salary was $1,593.27 from April 1, 2015 through March 31, 2016; $1,625.13 from April 1, 2016 through March 31, 2017; $1,657.63 from April 1, 2017 through March 31, 2018, and $1,690.79 from April 1, 2018 through the end of his employment.

15. Plaintiff alleges he was "schedule[d]…to work 45 hours or more each week (over 50 during holiday seasons), but…regularly work[ed] 50-60 hours per week" and was not paid any overtime. (Compl. ¶ 2.) He alleges he should have been paid overtime but was misclassified as exempt. (Compl. ¶ 4.)

16. Plaintiff is seeking "twice the full amount of such…overtime wage less any amount actually paid to him or her…." Conn. Gen. Stat. § 31-68(a)(1).

17. According to publicly filed documents, attorney Shannon Liss-Riordan charges $850 per hour. <u>Exhibit 2</u>, Motion for Attorneys' Fees, Costs, Expenses, and Incentive Awards in *O'Connor v. Uber Technologies, Inc.* at 16.

18. According to publicly filed documents, attorney Richard Hayber charges more than $285 per hour. <u>Exhibit 3</u>, Decl. of Richard E. Hayber in *Olender v. The Clark Companies, N.A.* at ¶ 12 (identifying blended rate including attorney and paralegal time of more than $285).

19. Considering the value of all relief Plaintiff is pursuing, the amount in controversy exceeds $75,000.[2]

20. Accordingly, both the diversity and amount-in-controversy prongs are satisfied, and removal is therefore proper under 28 U.S.C. §§ 1332(a) and 1441(b).

**III.   Venue**

21. Venue is proper in the District of Connecticut, Hartford Division, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

22. Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff and the Superior Court of Connecticut.

WHEREFORE, Defendants hereby remove this civil action to this Court on the bases identified above.

Dated: September 16, 2020

Respectfully submitted,

By: /s/ Saima Z. Sheikh
Saima Z. Sheikh
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: (212) 589-4243
ssheikh@bakerlaw.com

---

[2] Defendants do not waive any arguments or defenses against Plaintiff's claim for or calculation of damages. Defendants deny that Plaintiff is entitled to any relief. Defendants reserve all defenses.

4

Joel Griswold (*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088
jcgriswold@bakerlaw.com

Bonnie Keane DelGobbo (*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
1 North Wacker Drive, Suite 4500
Chicago, Illinois 60606-1901
Telephone: (312) 416-8185
bdelgobbo@bakerlaw.com

*Counsel for Defendants Kohl's, Inc. and Kohl's Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on September 16, 2020 she caused a true copy of the foregoing document to be filed via the Court's CM/ECF system, which will send notice of the filing to all registered users. The undersigned further certifies that she served a copy of the foregoing document via email to:

    Shannon Liss-Riordan
    Michelle Cassorla
    LICHTEN & LISS-RIORDAN P.C.
    729 Boylston St., Suite 2000
    Boston, MA 02116
    sliss@llrlaw.com
    mcassorla@llrlaw.com

    Richard E. Hayber
    HAYBER MCKENNA & DINSMORE
    750 Main Street, Suite 904
    Hartford, CT 06103
    rhayber@hayberlawfirm.com

    *Counsel for Plaintiff*

                                                     /s/ Saima Z. Sheikh